## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 17-CR-24-JED** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DAVID ALAN PRICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the Agreed Motion of Defendant David Alan Price Seeking Forty-Five (45) Day Continuance of Trial Setting and Entry of New Scheduling Order Deadlines (the "Motion") (Doc. 15). Counsel for defendant entered an appearance in this matter on April 10, 2017. (Doc. 14). The trial is currently set for April 17, 2017. (Doc. 13). Defendant represents that a continuance of the trial setting for forty-five (45) days is needed for defense counsel to review and evaluate the government's discovery. (Doc. 15, ¶ 3). The government does not object to a one month extension of the trial setting and entry of a new scheduling order. (*Id.*, ¶ 1).

Defendant's request for a continuance falls under § 3161(h)(7) of the Speedy Trial Act. Section 3161(h)(7) permits a district court to exclude any period of delay resulting from a continuance upon the judge's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In its consideration of a motion for continuance, a court is required to consider a number of factors,

including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Another factor a court must consider is whether the failure to grant a continuance would likely make continuation of the proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

The Tenth Circuit has made clear that an ends of justice continuance should not be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Under *Toombs*, the parties must provide the district court a sufficient record to determine why the facts weigh in favor of providing additional time. *See Toombs*, 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court has reviewed defendant's Motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court finds that while this case is not unusual or complex,[1] given defense counsel's recent appearance in this case, failure to grant a continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). For the same reason, the Court finds that failure to grant a continuance would likely result in a miscarriage of justice. While the public has a strong interest in the speedy trial of all criminal cases, this interest must be balanced against defendant's interest in his counsel having sufficient time to review discovery and prepare for trial. Thus, the Court finds that the

---

[1] At this time, there do not appear to be any "novel questions of fact or law" which would render this action unusual or complex under 18 U.S.C. § 3161(h)(7)(B)(ii).

ends of justice will be served by the granting of the continuance and that those ends of justice outweigh the interests of the public and the defendant in a speedy trial. Based upon the facts presented in defendant's Motion, the Court has determined that a 30-day continuance of the jury trial from the date of this Order is appropriate.

IT IS THEREFORE ORDERED that the defendant's Motion (Doc. 15) is **granted in part** as set forth above. The jury trial currently set for April 17, 2017 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | May 1, 2017 at 10:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | May 15, 2017 |
| **Jury Trial:** | **May 22, 2017 at 9:30 a.m.** |

IT IS FURTHER ORDERED that the time between April 17, 2017 and May 22, 2017 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 10th day of April, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE